## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICK BENNETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **7:25-cv-2079-EGL** |
| | ) | |
| **WILLIAM FARLOW et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION & ORDER

On December 5, 2025, *pro se* plaintiff Patrick Bennett sued William Farlow, Lauren Jones, Ken Moore, Bernard Downs, Len Price, Jason Beams, Kacey Davis, and the City of Woodstock, Alabama. *See* Doc. 1. The Court struck his complaint as an impermissible shotgun pleading. *See* Doc. 3. Bennett then filed an amended complaint, which he again amended six days later. *See* Docs. 5-6, 8. Defendants' motion to dismiss Bennett's second amended complaint is now pending. *See* Doc. 12. For the reasons below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Because Bennett is defending against a motion to dismiss, the Court accepts his well-pleaded factual allegations as true and construes them in the light most favorable to him. *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir.

2012). And because he is proceeding *pro se*, the Court must construe his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**A. Facts**

On December 13, 2022, Officers William Farlow and Lauren Jones approached Patrick Bennett and arrested him without a warrant while he was in Woodstock, Alabama. Doc. 6 at ¶¶15, 19. Though he told them he did not consent, the two searched his commercially used tractor-trailer, and eventually towed and impounded it. *Id.* at ¶¶20-21. Bennett was then taken to Bibb County Jail and criminally prosecuted by Bernard Downs and Kacey Davis based upon evidence acquired during this arrest and the officers' testimonies. *Id.* at ¶¶9, 22-23, 25-27. Farlow's and Jones's actions were reviewed and approved of by their supervisors, Len Price and Jason Beams. *Id.* at ¶28.

Bennett claims that he suffered injuries, pain, emotional distress, humiliation, loss of liberty, and financial harm from Defendants' actions. *Id.* at ¶24.

**B. Lawsuit**

Bennett sued each defendant under 42 U.S.C. § 1983, asserting ten claims: (1) excessive force; (2) false arrest and unlawful seizure; (3) malicious prosecution; (4) unlawful confinement and continuing seizure; (5) supervisory liability; (6) municipal liability; (7) investigative misconduct and due process violations; (8) unlawful search of a commercial vehicle; (9) unlawful seizure, towing, and

impoundment; and (10) interference with a vehicle engaged in commerce. *Id.* at ¶¶30-72.

## STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although the Court must accept as true all factual allegations in the complaint, that principle does not apply to legal conclusions couched as factual allegations. *Id.*

## ANALYSIS

### I.   Count 1: Excessive Force

Bennett alleges that Officers Farlow and Jones "used force that was objectively unreasonable under the circumstances" because he "was not actively resisting or posing an immediate threat." Doc. 6 at ¶¶30-34. Defendants counter that this claim is time-barred. Doc. 12 at 8.

Constitutional claims brought under § 1983 are "subject to the statute of limitations governing personal injury actions" in the state where the claim is brought. *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011). In Alabama, that statute is "the two-year limitations period of Ala. Code § 6-2-38(l)." *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989). Federal law, however, determines when the claim accrues. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). A claim generally accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Karantsalis v. City of Miami Springs, Fla.*, 17 F.4th 1316, 1322 (11th Cir. 2021). The relevant "facts" are "that they were injured" and "who inflicted the injury." *McGroaty v. Swearingen*, 977 F.3d 1302, 1309 (11th Cir. 2020).

All the events relevant to Bennett's excessive force claim occurred on December 13, 2022. Doc. 6 at ¶¶15-19. Nothing suggests that the identities of those who injured him, or the fact that he was injured were unknown to him. He filed this action on December 5, 2025. *See* Doc. 1. Thus, his excessive-force claim is time-barred and is due to be dismissed.

## II.    Counts 2 & 4: False Arrest/Unlawful Seizure/Unlawful Confinement

Bennett claims that he was arrested and confined in Bibb County Jail on December 13, 2022. Doc. 6 at ¶¶15-19, 25. A false imprisonment claim accrues when legal process is initiated. *Wallace v. Kato*, 549 U.S. 384, 389-91 (2007)

4

(finding false imprisonment accrued "when [the plaintiff] appeared before the examining magistrate and was bound over for trial"). Legal process was initiated against Bennett on December 14, 2022, when the municipal court found probable cause against Bennett. Doc. 12-1 at 33. Counts 2 and 4 thus accrued on that date and are therefore time-barred and due to be dismissed.

## III.    Count 3: Malicious Prosecution

Bennett claims that Farlow and Jones "caused criminal proceedings to be initiated and continued" against him "based on false, misleading, or incomplete information." Doc. 6 at ¶¶39-42. Because those proceedings "lacked probable cause" and resulted in his "deprivation of liberty," he argues they violated his due process rights. *Id.*

A claim for malicious prosecution accrues only once the underlying criminal proceedings have resolved in the plaintiff's favor. *See Heck v. Humphrey*, 512 U.S. 477, 484-89 (1994); *McDonough v. Smith*, 588 U.S. 109, 117 (2019). Given that the underlying criminal proceedings against Bennett remain pending, this claim has not yet accrued. *See* Doc. 12-4. Accordingly, this claim is due to be dismissed without prejudice.

## IV.    Count 5: Supervisory Liability

Bennett alleges that Price and Beams "knew or should have known" of "unconstitutional conduct" and "failed to supervise, discipline, or train

subordinates." Doc. 6 at ¶47. But because that alleged failure occurred December 13, 2022, and Bennett's knowledge of their identities arose at the latest on June 13, 2023, when he was convicted, *see* Doc. 12-1 at 4; Doc. 12-2 at 4, the claim is time-barred and due to be dismissed.

## V.      Count 6: Municipal Liability

Bennett asserts a § 1983 claim against the City of Woodstock alleging that it "maintained customs or practices permitting excessive force, unlawful arrests, unlawful searches, and improper towing/impoundment, and failed to train and supervise officers on constitutional limits." Doc. 6 at ¶50.

In 1978, the Supreme Court held that municipalities may be liable under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Municipalities may be liable only for their own unconstitutional or illegal policies or customs, but not for the acts of their employees. *Id.* at 693-94. Thus, a municipality is not automatically liable under § 1983 "even if it inadequately trained or supervised its police officers" and those officers violated someone's rights. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). Instead, there are only limited circumstances in which an allegation of a failure to train or supervise can be the basis for liability under § 1983. *Id.* These limited circumstances occur only "where the municipality inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's

6

constitutional rights." *Id.* Because municipalities rarely possess an express "policy of inadequately training or supervising its employees," a plaintiff may prove the existence of such a "policy by showing that the municipality's failure to train evidenced a 'deliberate indifference' to the rights of its inhabitants…." *Id.*

To establish deliberate indifference, a plaintiff must present some evidence that the municipality "knew of a need to train and/or supervise in a particular area" and the municipality "made a deliberate choice not to take any action." *Id.* Absent such notice, a municipality is not liable as a matter of law for any failure to train or supervise. *Id.* at 1351. Such notice can be established, for example, by showing a history of widespread prior abuse, or a pattern of incidents putting the city on notice of a need to train its employees. *Id.* at 1351-52. In *Brooks v. Scheib*, the Eleventh Circuit held that, though there had been ten citizen complaints about a city's police officer, the city did not have any notice of past police misconduct because the plaintiff "never demonstrated that past complaints of police misconduct had any merit." 813 F.2d 1191, 1193 (11th Cir. 1987). This high standard of proof is "intentionally onerous for plaintiffs" because "imposing liability on a municipality without proof that a specific policy caused a particular violation" would "equate to subjecting the municipality to *respondeat superior* liability—a result never intended by section 1983." *Gold*, 151 F.3d at 1351 n.10.

Bennett identifies no practice, custom, or policy producing his alleged harm. Nor does he allege that the City of Woodstock was deliberately indifferent to the possibility of such violations, or that any incident might have put the City on notice of a need to supervise or train its officers. "To establish a policy or custom, it is generally necessary to show a persistent and wide-spread practice." *Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986). "Generally, a plaintiff must show multiple similar, past, meritorious complaints against a police force to prove a custom condoning excessive force." *White v. City of Birmingham, Ala.*, 96 F. Supp. 3d 1260, 1282 (N.D. Ala. 2015). Bennett's allegations are therefore insufficient to constitute anything approximating liability under *Monell*.

Though the underlying incident giving rise to Bennett's claim occurred on December 13, 2022, Doc. 6 at ¶¶15-28, the statute of limitations does not necessarily begin running then, *Taylor v. Nocco*, No. 8:21-CV-555, 2024 WL 3678322, at *16 (M.D. Fla. Mar. 24, 2024). Instead, a *Monell* claim accrues "when it is clear, or should be clear, that the harmful act is the consequence of a [municipality's] 'policy or custom.'" *Birch v. City of New York*, 675 F. App'x 43, 45 (2d Cir. 2017) (quoting *Pinaud v. Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995)). But because Bennett's allegations are insufficient to support a plausible claim for *Monell* liability, his claim must be dismissed.

## VI.    Count 7: Investigative Misconduct

Bennett alleges that Downs and Davis "acted outside their advocative role by engaging in investigative conduct and evidence handling" and "failed to correct false information and failed to ensure disclosure of material impeachment evidence." Doc. 6 at ¶¶54-55. Bennett claims that the two "participated in, directed, approved, or failed to prevent" the "alteration, editing, deletion, loss, or other spoliation" of an alleged video recording Bennett's arrest. *Id.* at ¶¶9-10.

The United States Supreme Court has held that a prosecutor is absolutely immune from a § 1983 suit for damages while acting within the scope of his or her prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 424-25 (1976). Without such immunity, actions "could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper or malicious actions to the State's advocate." *Id.* at 425. "[I]f the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law." *Id.* Such immunity extends broadly, though it does not encompass "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." *Id.* at 430-31.

Here, Bennett alleges that the prosecutors manipulated or concealed exculpatory evidence. Doc. 6 at ¶¶9-10. Because "[p]rosecutors are absolutely

9

immune from civil liability for suppressing exculpatory information and using fabricated evidence," *Marchelletta v. Bergstrom*, 752 F. App'x 724, 730 (11th Cir. 2018), Bennett's claim must be dismissed.

## VII.    Count 8: Unlawful Search of Commercial Vehicle

Bennett alleges that Farlow and Jones "searched [his] tractor-trailer without a warrant." Doc. 6 at ¶58.

"[A] § 1983 unlawful search claim generally accrues at the time of the search." *Spencer v. Jannik*, No. 7:21-cv-1217, 2023 WL 2673941 at *5 (N.D. Ala. Feb. 23, 2023) (citing *Giddens v. Lawson*, 734 F. App'x 706, 710 n.4 (11th Cir. 2018)). Bennett's vehicle was searched on December 13, 2022; thus, his claim accrued on that date. Doc. 6 at ¶¶15, 20. Accordingly, this claim is time-barred and warrants dismissal.

## VIII.   Counts 9 & 10: Unlawful Seizure/Towing/Impoundment/Interference

Bennett claims Farlow and Jones caused his "tractor-trailer to be towed and impounded without probable cause or lawful justification." Doc. 6 at ¶64. He also alleges the two "interfered" with his "ability to engage in commerce" by "searching, towing, and impounding [his] vehicle" engaged in commerce. *Id.* at ¶71.

Claims for unlawful seizure of property accrue when the plaintiff knows of the seizure. *See Montgomery v. Looney*, No. 23-131, 2025 WL 2626125 at *7-8 (S.D. Ala. Jan. 16, 2025). Bennett alleges an unlawful seizure occurring on December 13,

2022. Doc. 6 at ¶¶15, 21. Nothing suggests that he was ignorant of the seizure; thus, his claim accrued on that date and is time-barred.

## CONCLUSION

The Court **DISMISSES** Counts 1, 2, 4, 5, 7, 8, 9, and 10 **WITH PREJUDICE**, but **DISMISSES** Counts 3 and 6 **WITHOUT PREJUDICE**.

If Plaintiff intends to file an amended complaint that again raises his municipal liability claim (Count 6), he must do so on or before May 12, 2026. If he does not, then after that date, the Court will enter final judgment.

**DONE** and **ORDERED** this 21st day of April, 2026.

**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE

11